

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-31-2008

# Eastern Adhesives v. Scapa N Amer Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2590

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Eastern Adhesives v. Scapa N Amer Inc" (2008). *2008 Decisions.* Paper 24.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/24

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-2590

EASTERN ADHESIVES, INC.,
                                        Appellant

v.

SCAPA NORTH AMERICA, INC.

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 06-cv-1727
(Honorable J. Curtis Joyner)

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 20, 2008

Before:  SCIRICA, *Chief Judge*, RENDELL, *Circuit Judge*,
and O'CONNOR, *Retired Associate Justice**

(Filed: December 31, 2008)

OPINION OF THE COURT

*The Honorable Sandra Day O'Connor, Retired Associate Justice of the Supreme
Court of the United States, sitting by designation.

SCIRICA, *Chief Judge*.

Eastern Adhesives appeals an order of the District Court denying its motion for leave to file a Second Amended Complaint and granting Scapa North America's motion to strike the Second Amended Complaint. Eastern Adhesives's pleadings alleged Scapa breached a 2001 oral contract. Under the agreement, Scapa would supply Eastern Adhesives's requirements of a tape product, SP357-.003, for resale to a third party, and Scapa would not itself sell SP357-.003 or similar products to the third party. Because the alleged agreement was for more than five-hundred dollars and made orally, we consider whether the Pennsylvania statute of frauds, 13 Pa. Cons. Stat. § 2201, bars enforcement of Eastern Adhesives's claims.[1]

I.

At the outset we must address waiver because four of Eastern Adhesives's arguments were neither raised in the District Court nor were grounds for the District Court's judgment. "Generally, failure to raise an issue in the District Court results in its waiver on appeal." *Huber v. Taylor*, 469 F.3d 67, 74 (3d Cir. 2006). Eastern Adhesives makes four new arguments: (1) the merchant's exception to the statute of frauds in 13 Pa. Cons. Stat. § 2201(b) applies; (2) the § 2201(c)(3) exception to the statute of frauds regarding goods received and accepted applies; (3) Scapa waived the statute of frauds

---

[1]The District Court had diversity jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291.

defense because oral agreements are the standard practice in the trade, *see Atl. Paper Box Co. v. Whitman's Chocolates*, 844 F. Supp. 1038, 1043–45 (E.D. Pa. 1994); and (4) under *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855 (3d Cir. 1994), a plaintiff can survive a Rule 12(b)(6) motion if the defendant might admit the existence of the contract in its pleadings, discovery, or in court.  Because Eastern Adhesives did not raise these issues in the District Court[2] and because they were not part of the District Court's holding, they are waived and we address only Eastern Adhesives's two remaining claims.[3]

## II.

Eastern Adhesives contends the letters it exchanged with Scapa in 2002 and which it attached to the Complaint are sufficient to satisfy the statute of frauds.  A contract for the sale of goods for five hundred dollars or more is not enforceable "unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought."  13 Pa. Cons. Stat. §

---

[2]Eastern Adhesives made four and only four arguments before the District Court. First, Eastern Adhesives argued its course of dealing with Scapa should be interpreted to establish a contract.  (Brief of Plaintiff Opposing Motion to Dismiss Amended Complaint, Supp. App. at 3–5.)  Second, Eastern Adhesives argued a contract was made by way of an oral promise at a 2001 meeting and subsequent acceptance of that promise. (*Id.*)  Third, Eastern Adhesives argued it had made out a claim for promissory estoppel. (*Id.* at 5–6)  Fourth and finally, Eastern Adhesives made procedural arguments in support of a motion for leave to file the Second Amended Complaint: despite filing the Second Amended Complaint late, Eastern Adhesives argued the District Court had discretion to accept the Second Amended Complaint.  (Brief of Plaintiff Opposing Motion to Strike Second Amended Complaint, App. at 86–87.)

[3]To the extent Eastern Adhesives has raised promissory estoppel claims on appeal, it's pleadings do not claim reliance damages.

2201(a). Eastern Adhesives argues a letter it sent Scapa in June 2002, which refers to an "account protection agreement,"[4] established the context for Scapa's signed, written responses in July and October 2002. Because these subsequent communications fail to disclaim such an agreement, the argument goes, Scapa's letters admit the agreement.

To the extent Eastern Adhesives suggests the merchant's exception to the statute of frauds applies because Scapa failed to object, the argument is waived. *See supra*. To the extent Eastern Adhesives suggests Scapa's letters incorporated the assertion of an agreement by reference in its own signed writings, the letters attached to the pleadings provide no support. Scapa's letters do not refer to an account protection agreement. They recognize Eastern Adhesives lost one of its clients when Scapa began selling directly to that client. Additionally, they acknowledge Scapa sought to avoid losing Eastern Adhesives for other business. These documents do not refer to Eastern Adhesives's assertions of an account protection agreement, nor do they demonstrate a requirements

---

[4]Eastern Adhesives's June 2002 letter identifies a different agreement than the one identified in the pleadings. The pleadings suggest Rakesh Kumar and Joe Craig entered into an oral contract in 2001. The account protection agreement identified in the June 2002 letter purportedly involved Chris Thomas and Marvin Hickman and was purportedly entered into "several years ago," notably in a year prior to 2001. (App. at 16.) Eastern Adhesives admitted before the District Court, however, that prior to the 2001 oral promise alleged in the pleadings, no agreement existed. (Supp. App. at 5) (noting that at the time of the 2001 agreement, "[e]ither party could have ceased doing business with the other at any time"). Accordingly, by Eastern Adhesives's own admission, the June 2002 letter claimed a contractual relationship that did not exist. The statute of frauds guards against enforcement.

4

contract between Eastern Adhesives and Scapa. Accordingly, the letters do not satisfy the statute of frauds.

## III.

Second, Eastern Adhesives contends Scapa's Connecticut state-court action admits the exclusive requirements contract. A contract is enforceable if "the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made." *Id.* § 2201(c)(2). The contract, however, "is not enforceable under this provision beyond the quantity of goods admitted." *Id.* Eastern Adhesives does not identify a quantity of goods in the Connecticut Complaint, much less an agreement to fill its requirements. Accordingly, because the contract cannot be enforced beyond the quantity admitted, *id.*, and Eastern Adhesives does not identify the quantity, Scapa's Connecticut action does not satisfy the statute of frauds.

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

5